[Cite as *State v. Taylor*, 2012-Ohio-5029.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12CAA020007 |
| RONALD TAYLOR, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Delaware Court of
                               Common Pleas, Case No. 11 CR I 06 0345


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        October 25, 2012


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant


CAROL HAMILTON O'BRIEN             BRIAN G. JONES
Delware County Prosecuting Attorney   The Law Office of Brian Jones
                                      2211 U.S. Highway 23 North
DOUGLAS N. DUMOLT                  Delaware, Ohio 43015
Delaware County Prosecutors Office
140 North Sandusky Street, 3rd Floor
Delaware, Ohio 43015

*Hoffman, J.*

{¶1} Defendant-appellant Ronald Taylor, Jr. appeals his conviction and sentence entered by the Delaware County Court of Common Pleas, on one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree; and one count of failure to stop after accident, in violation of R.C. 4549.02(A), a misdemeanor of the first degree, following a bench trial. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On June 24, 2011, the Delaware County Grand Jury indicted Appellant on the aforementioned charges. Appellant appeared before the trial court for arraignment on July 8, 2011, and entered a plea of not guilty to the Indictment. The matter proceeded to bench trial on October 18, 2011.

{¶3} The following evidence was adduced at trial. Rozlynn Metzger was traveling southbound on U.S. Rte 23 on her way to work on the morning of May 14, 2011. Metzger was driving a 2003 Hyundai Tiburon at the time. While she was stopped at a stoplight at the intersection of Rte 23 and Orange Road, she heard a truck approaching her from behind. The driver of the truck was ultimately identified as Appellant. Metzger looked through her rearview mirror and saw the grill and windshield of the truck.

{¶4} After the light changed to green, Metzger accelerated her vehicle and proceeded with the flow of traffic. She heard the truck and knew from the sound it was "too close". Out of the rearview mirror, Metzger could only see the truck's grill. She continued to drive, keeping her speed at approximately 35 mph. Appellant was so close

"there was no distance between" the two vehicles. Metzger heard an increase in the truck's acceleration then Appellant struck the back of her vehicle, pushing it for approximately 20 seconds. Metzger attempted to use her brakes to stop the vehicles, but was unsuccessful. Metzger's vehicle broke away, spun into the left hand turn lane and onto Rte 23 North, rotating approximately 180 degrees. Appellant did not stop, but rather sped off.

{¶5} Amber Zempter was traveling southbound on U.S. Rte 23 at the same time as Metzger, when she noticed Appellant's truck approaching at a high rate of speed. From her rearview mirror, she watched Appellant weave his truck in and out of traffic three or four times before passing her. When Appellant was approximately one or two and a half car lengths in front of her, Zempter heard the revving of an engine and tires squealing. Zempter saw smoke and then a silver Tiburon swing out into the left hand lane, toward oncoming traffic. Appellant never appeared to brake his truck or even slow down. Immediately after the accident, Appellant drove away without stopping. Zempter checked on Metzger then called the Sheriff's Department.

{¶6} Deputy Shane Van Dyke was dispatched to the scene and found the silver Tiburon, facing west on Rte 23 North. Deputy Van Dyke spoke with Metzger. He radioed a description of Appellant's truck to all available deputies. The deputy proceeded to take photographs of the scene including the skid marks from Metzger's vehicle. He did not observe any skid marks created by Appellant's truck.

{¶7} Deputy Rashad Pitts was on routine patrol on the morning of May 14, 2011, when he was dispatched regarding a hit and skip at Rte 23 and Orange Road. The dispatch included a description of Appellant's truck. Within minutes, Deputy Pitts

observed Appellant's truck stopped at a traffic light approximately 2 miles from the accident site. The deputy initiated a traffic stop and made contact with Appellant. When asked, Appellant denied having been driving on Rte 23. Deputy Pitts did not believe Appellant, recalling Appellant did not look him in the eyes as they were talking. Additionally, based upon Appellant's location, Deputy Pitts knew he would have had to travel on Rte 23. The deputy advised Appellant he would be taking him back to the scene to see if any witnesses could identify him. At that point, Appellant became volatile and challenged the deputy to "kill me". Deputy Pitts removed Appellant from his truck and placed him in handcuffs. Appellant immediately apologized, and acknowledged he had anger issues and had not been taking his medication. Appellant also admitted to his involvement in the incident on Rte 23. Deputy Pitts arrested Appellant on unrelated charges and transported him to the jail.

{¶8} After hearing the evidence, the trial court found Appellant guilty of both counts of the Indictment. The trial court ordered a presentence investigation report. The trial court sentenced Appellant to an aggregate term of imprisonment of four (4) years, ordered him to pay restitution to the victim, and suspended his driver's license.

{¶9} It is from this conviction and sentence Appellant appeals, assigning as error:

{¶10} "I. RONALD TAYLOR WAS DENIED DUE PROCESS OF LAW WHEN THE STATE OF OHIO DID NOT PRESENT SUFFICIENT EVIDENCE THE TRUCK WAS BEING USED AS A WEAPON, THERE WAS NO EVIDENCE PRESENTED THAT THE TRUCK WAS A DEADLY WEAPON, AND THERE WAS NO EVIDENCE PRESENTED THAT SHOWS KNOWING ATTEMPT TO CAUSE PHYSICAL HARM.

**{¶11}** "II. THE COURT'S CONVICTION OF RONALD TAYLOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

**{¶12}** In his first assignment of error, Appellant challenges his conviction for felonious assault on the basis the State failed to present sufficient evidence of the elements of the offense.

**{¶13}** When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See *State v. Thompkins,* 78 Ohio St.3d 380, 386, 1997–Ohio–52, 678 N.E.2d 541, *State v. Jenks,* 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jenks,* supra.

**{¶14}** Appellant was convicted of one count of felonious assault, in violation of R.C. 2903.11(A), which provides, in pertinent part:

**{¶15}** "(A) No person shall knowingly do either of the following:

**{¶16}** "* * *

**{¶17}** "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

**{¶18}** Specifically, Appellant maintains the State failed to present sufficient evidence he used his truck as a weapon and the truck was a deadly weapon.

{¶19} R.C. 2923.11(A) defines the term "deadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted as a weapon, or possessed, carried or used as a weapon." "[A]n automobile can be classified as a deadly weapon when used in a manner likely to produce death or great bodily harm." *State v. Kilton,* Cuyahoga App. No. 80837, 2003–Ohio–423, ¶ 25. "[A] court should not only consider the intent and mind of the user, but also the nature of the weapon, the manner of its use, the actions of the user, and the capability of the instrument to inflict death or serious bodily injury. The question of whether an automobile is used as a deadly weapon is a question of fact for the trier of fact." (Internal citations omitted.) *Id.*

{¶20} The evidence at trial revealed Appellant was tailgating Metzger so closely she could only see the truck's grill in her rearview mirror. Metzger heard the truck engine rev then felt the collision. Metzger tried to stop both vehicles, but Appellant continued to push her vehicle along the highway until it broke away. Amy Zempter, who was traveling Rte 23 North at the same time, observed Appellant weaving through traffic and making a number of rapid lane changes shortly before Appellant's truck struck Metzger's vehicle.

{¶21} Revving the engine of his truck while Metzger's vehicle was situated so closely is inherently dangerous and involves a substantial likelihood of serious bodily injury. Causing Metzger's vehicle to spin into another lane of travel created a great risk of serious injury to both her and the occupant(s) of any vehicle which might then have collided with her vehicle. Looking at the size difference of the vehicles, the manner of its use, the actions of Appellant, and the truck's capability to inflict serious harm, we find

the State presented sufficient evidence to support a finding the truck was used as deadly weapon.

**{¶22}** Appellant further asserts the State failed to present sufficient evidence he knowingly attempted to cause physical harm to the victim.

**{¶23}** R.C. 2901.22(B) defines the culpable mental state of "knowingly" as follows:

**{¶24}** "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

**{¶25}** Appellant asserts he was not attempting to cause physical harm to Metzger. Appellant claims he "bumped into the back of Ms. Metzger's car and then nudged it to the side of the road," and that "(h)e was in control the entire time." Brief of Appellant at 9. Appellant adds he did not act knowingly because Metzger did not suffer physical harm.

**{¶26}** Based upon the aforementioned evidence and the inferences which can be reasonably drawn therefrom, we find the trial court could find the State established the essential element of knowingly beyond a reasonable doubt. As set forth supra, Appellant was weaving in and out of traffic prior to finding himself behind Metzger. Appellant accelerated toward Metzger's vehicle and travelled extremely close. He continued behind Metzger, revving the truck engine, then finally hitting the other vehicle. Appellant did not brake his truck or in any other way try to extricate Metzger's vehicle from his front bumper. He pushed Metzger at the rate of 35 mph for a substantial period

of time.  After Metzger's vehicle finally broke away, spinning into another lane of travel, Appellant sped off.  We find the evidence supports the trial court's conclusion Appellant was or should have been aware his actions would probably result in harm to Metzger or another under the totality of these circumstances.

**{¶27}** Appellant's first assignment of error is overruled.

II

**{¶28}** In his second assignment of error, Appellant challenges his conviction for felonious assault as against the manifest weight of the evidence.  Specifically, Appellant argues Metzger was not a credible witness.

**{¶29}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *Thompkins,* supra at 387, citing *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212, (1967), syllabus 1.

**{¶30}** Appellant contends Metzger was not a credible witness because she could not explain why Appellant "would intentionally run into the back of her car unprovoked." Brief of Appellant at 14.  Appellant insists Metzger is leaving something out of her story;

therefore, the trial court should not have believed her testimony. Appellant refers to points during Metzger's testimony which he claims are inconsistent.

{¶31} We have often said a trier of fact is free to accept or reject any or all of the testimony of the witnesses. The trial court obviously believed Metzger's version of the events, which was corroborated Zempter. Based upon all the evidence, we find Appellant's conviction was not against the manifest weight of the evidence.

{¶32} Appellant's second assignment of error is overruled.

{¶33} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RONALD TAYLOR, JR. | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12CAA020007 |

For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs to Appellant.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin
HON. W. SCOTT GWIN

s/ Sheila G. Farmer
HON. SHEILA G. FARMER